Wood, J.
The declaration contains the common counts in assumpsit, among which are those for work and labor performed, and materials furnished for the defendant.
The defendant plead the general issue, and gave notice of set-off. The cause was submitted to a jury in Trumbull county, at the September term of the Supreme Court, 1843, and a verdict found for tho plaintiffs for $787.
Tho defendant then filed a motion for a new trial, for tho reasons : 1. The verdict was against tho law. 2. That it was against the evidence. 3. That the damages were excessive. This motion was reserved for decision in bank.
On the trial tho counsel for tho plaintiffs, in order to maintain the issue on their part, gave evidence of labor performed, and materials furnished for the defendant, in the construction of the Ohio and Pennsylvania Canal, with the value of such labor and materials, and rested. ‘
The defendant then, in order to defeat the right of recovery thus established, gave in evidence to the jury, a certain special contract,† under which all the work was done and materials were furnished, containing the following provisions:
“The payment to be made in tho following manner: The said engineer shall estimate the value of work done monthly, and upon his certificate being presented to the president, the amount thereof *71 shall be paid, deducting therefrom fifteen per cent., if thought necessary by the president and engineer, to insure the completion of the work. And further, at the expiration of the stipulated period for the completion of this contract, if the whole.work shall be finished to the satisfaction of the president and engineer, said engineer shall estimate it, and within twenty days after presentation of his certificate-, under his hand, to the president, the balance which may remain due shall be paid.
“And the said Easton, Wandell, and Easton do further promiso and agree that they will, from time to time, during ^fche progress of the work, conform to such deviations from the present line of canal, and to such alteration in the form, slope, and dimem sions of the banks, towing paths, or any other part of the works, as the said engineer may direct. And it is mutually agreed that the decision of the said engineer shall be final and conclusive in any dispute which may arise between the said parties.
“It is further agreed between the parties, that, in ease the work upon this section shall not be commenced within ten days from this date; or if, at any subsequent period, the said Easton, Wan-doll, and Easton should, in the opinion of the president or engineer, refuse or neglect to prosecute this contract, 'with a force proportioned to the quantity of work to be done, and the period within which it is to be completed, or shall subcontract or rolet said section, or any part thereof, without the approbation of the president, as aforesaid, or shall not give personal superintendence to the work, the said president or engineer shall have power to determine that this contract has been abandoned, and such determination shall put an end to this contract, and exonerate said company from every obligation thence arising, and the president may immediately proceed to dispose thereof in the same manner as if it had never existed.
“And the said Easton, Wandell, and Easton do promise and agree to finish and deliver up this contract on or before the first day of September, in the year of our Lord one thousand eight hundred and thirty-seven.”
On the trial it was proved that said contract was declared abandoned, by the principal engineer, while the work was progressing, lor the reason, in the engineer’s opinion, that the plaintiffs wore not prosecuting the work vyibh a sufficient force to insure its corn *72 pletion within the time specified in the contract. (†) The defendant also proved to the court and jury, that full estimates had been made of the work done, and materials furnished, by the plaintiffs, and full payments made, with the exception of fifteen per cent, on the amount of *such estimates, which had been retained by the defendant, to insure the completion ot' the work
It was in proof that the work was relet by the defendant after the contract was declared abandoned, at a price exceeding thirty per cent, above that stipulated for its performance in the contract w.ith the plaintiffs, owing to the rise of labor and provisions.
From this statement of the case, the inquiry arises, principally, on the first reason assigned in fhe motion for a new trial: Is the verdict sustained by the law of the case? It will be seen the object of the suit must have been the recovery of the fifteen per cent, retained by the defendant on the amount of the estimates, to insure the completion of the work.' AH but this had been fully paid, and the verdict must have been for this sum alone.
The contract may be supposed to be severe upon the plaintiffs. They were, however, by no means forced to execute. It was voluntary. By its terms, éxtonsive control over the work is conferred upon the defendant, and great confidence reposed in the honest and faithful exercise of his discretion. If the defendant has violated neither its letter nor its spirit, it is difficult to see what reason the plaintiffs have for complaint. We sit here to enforce the contracts made by others, but we have no authority to impose upon them obligations to which they have never assented.
The plaintiffs were to be paid monthly, on estimates made by the engineer. It has been done. Fifteen per cent, was to be retained to insure the completion of the work. The defendant kept back this amount. If the contract was declared abandoned, the determination of the president or engineer is conclusive. The contract is at. an end, and the defendant exonerated from every obligation thence arising Dy express agreement.
It is insisted that, when the whole work is completed, the fifteen *73 per cent..may be recovered by the plaintiffs. Had they finished the work the position would be correct, but if the contract' is abandoned, relet, and others complete the *work, the amount retained as security is,'in its nature, liquidated damages. If it were not so intended, there would be no security in the retention of this amount. The plaintiffs need only lie by until others completed their contract, and then receive the full balance of their labor, without forfeiture or diminution for the delays, vexations, and additional expenses to which the defendant was subjected. The president or engineer is the umpire between the parties. His determination ends the contract and exempts the company from its obligations. The agreements of the parties are the law by which their rights are to be determined, and I am extremely doubtful, at least, whether any court can legitimately interfere and upset their arrangements, where an honest discretion' has been exercised, where neither fraud nor circumvention has intervened.
I am instructed by my brethren, however, to say, as the opinion of the court, that, in this class of cases, the subject is open to inquiry whether the contractors had done any act, or omitted the performance of any duty, which, within the terms of the contract between the parties, would justify the .president or engineer in declaring it abandoned; and if no such act had, in fact, been done, nor such duty omitted, the honest exercise of the discretion conferred, to abandon the contract, ought not to shield the defendant from the payment of the per centum so retained..
On the trial of the case at bar, the testimony was ample to show omissions of duty to justify the abandonment. It was in proof that the force employed was too small; the work was not prosecuted with energy; Easton had loft the work to the care of others; and the implements necessary to be used in its construction were, in his absence, sold upon execution.
We are, therefore, of the opinion, under the state of the proof, the law will not sustain the verdict, and that a new trial should be granted. New trial granted. Cause remanded.
■ ^Birchard, J., being a stockholder in the canal company, did not sit in this case.

The contract given in evidence by tbe defendant was executed in the following form:
“Articles of agreement entered into this day, November 26, 1836, by and between tbe Pennsylvania and Ohio Canal Company, by their authorized agents, of tho one part, and David Easton, William 0. Wandell, and Emory Easton, of the other part, witnesseth,” etc.
[Here follow.the terms of the contract.]
“ In witness whereof, tbe said parties have hereunto set their hands and seals, the day and year first above mentioned.
“William Bobebsou, P. [Seal.]
William Bayen, [Seal.]
John W. Seely, [Seal.]
David Easton, [Seal.]
Wm. C. Wandell, [Seal.]
Emoby Easton, [Seal.] ”

The following indorsement appeared upon the contract:
“The foregoing contract declared abandoned, January 10, 1838, the contractors having refused to prosecute the work with a sufficient force to insure its completion in the time specified.
“ S. Dodge,
“P. Engineer of P. & 0. Canal.”